**Jennifer Baldwin COOK, Melissa Ehlers, Christine Price, Thayer Jaques, Julie Wolff, Plaintiffs–Appellees,**

v.

**COLGATE UNIVERSITY, Defendant–Appellant.**

**No. 1041, Docket 92–9175.**

United States Court of Appeals, Second Circuit.

Argued Feb. 26, 1993.

Decided April 27, 1993.

George A. Davidson, New York City (Carla A. Kerr, Hughes Hubbard & Reed, of counsel), for defendant-appellant.

Faith A. Seidenberg, Syracuse NY (Bonnie Strunk, Seidenberg, Strunk and Goldberg, of counsel), for plaintiffs-appellees.

Deborah L. Brake, Ellen J. Vargyas, Nat. Women's Law Center, Washington, DC, submitted an amici curiae brief for Nat. Women's Law Center, American Ass'n of University Women, American Ass'n of University Women Legal Advocacy Fund, California Women's Law Center, Center for Women Policy Studies, Connecticut Women's Educ. and Legal Fund, Inc., Girls Inc., Nat. Ass'n for Girls and Women in Sports, Nat. Council of Jewish Women, NOW Legal Defense and Educ. Fund, Nat. Softball Coaches Ass'n, Nat. Women's Political Caucus, Trial Lawyers for Public Justice, Women's Basketball Coaches Ass'n, Women's Law Project, and Women's Sports Foundation.

William D. Kramer, Clifford E. Stevens, Jr., Baker & Botts, L.L.P., Washington, DC, Shirley J. Wilcher, submitted an amici curiae brief for Nat. Ass'n of Independent Colleges and Universities, Ass'n of Catholic Colleges and Universities, Ass'n of Jesuit Colleges and Universities, and Christian College Coalition.

Before: McLAUGHLIN and JACOBS, Circuit Judges, and SPATT, District Judge.*

McLAUGHLIN, Circuit Judge:

Colgate University appeals from a judgment entered in the United States District Court for the Northern District of New York (David N. Hurd, *Magistrate Judge*) ordering it to elevate its women's club ice hockey team to varsity status and to provide equal funding and benefits to its men's and women's ice hockey programs. *Cook v. Colgate Univ.,* 802 F.Supp. 737 (N.D.N.Y.1992). Because this controversy is now moot, we vacate the judgment of the district court and remand with instructions to dismiss the action.

BACKGROUND

Colgate, a private university, has a male *varsity* ice hockey team and a female *club* ice hockey team. Plaintiffs Jennifer Baldwin Cook, Melissa Ehlers, Christine Price, Thayer Jaques and Julie Wolff are either current or former Colgate students; and all are former members of Colgate's women's club ice hockey team.

The athletic department at Colgate sponsors men's and women's sports teams at both the club and varsity levels. The differences between a varsity team and a club team at Colgate are as one might expect. Because of their greater status and visibility, varsity teams generally receive more university recognition, encouragement and financial support than club teams. Club teams are generally less formal, student-run organizations, with inferior facilities and less financial support. By the same token, club teams provide more opportunity than varsity teams to students seeking introductory or intermediate

level experience in the sport. Although Colgate sponsors a men's varsity ice hockey team, its women's team has remained at the club level.

Any Colgate club team that seeks an upgrade to varsity status may apply as often as once every two years to Colgate's Committee on Athletics. If approved by the Committee, the application wends its way through the bureaucracy up to the President of the University for final approval. Colgate's women's club ice hockey team applied for such an upgrade in 1979, 1983, 1986 and 1988 without success.

Frustrated by Colgate's continual reluctance to elevate the women's club team to varsity status, plaintiffs filed this suit on April 10, 1990, alleging that Colgate's failure to provide a comparable ice hockey program to men and women students violated Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681–1688 (1990), the regulations of the Department of Education, as well as the Fifth and Fourteenth Amendments to the Constitution. For its part, Colgate denied any discrimination and argued that its compliance with the mandates of Title IX should be measured by its overall athletic program, not by a sport-by-sport comparison.

Following a three-day bench trial, Magistrate Judge Hurd agreed with the plaintiffs that Colgate's disparate treatment of men and women ice hockey players violated Title IX. Focusing on the disparities between their respective ice hockey programs, he found that Colgate treated its women ice hockey players less favorably than its men ice hockey players, and that it did this without sufficient justification. As a remedy, he ordered Colgate to upgrade the women's club ice hockey team to varsity status starting with the 1993–94 academic year and to provide equal athletic opportunities for women ice hockey players.

Colgate now appeals, arguing, among other things, that the action has become moot because this year's ice hockey season ended on February 28, 1993, and each of the plaintiffs will graduate before commencement of the

---

* Honorable Arthur D. Spatt, United States District Judge for the Eastern District of New York, sitting by designation.

1993–94 academic year. At oral argument, counsel for the plaintiffs confirmed that Jennifer Baldwin Cook, Melissa Ehlers and Christine Price have already graduated, and that Thayer Jaques and Julie Wolff, who are now seniors, are scheduled to graduate this May.

## DISCUSSION

■ It is a commonplace that jurisdiction of federal courts is limited to cases and controversies. U.S. Const. art. III, § 2, cl. 1. Hence, litigants are required to demonstrate a "personal stake" or "legally cognizable interest in the outcome" of their case. *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395, 100 S.Ct. 1202, 1208, 63 L.Ed.2d 479 (1980) (quoting *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 1951, 23 L.Ed.2d 491 (1969)). While the standing doctrine evaluates this personal stake as of the outset of the litigation, the mootness doctrine ensures that the litigant's interest in the outcome continues to exist throughout the life of the lawsuit, *see Geraghty*, 445 U.S. at 396–97, 100 S.Ct. at 1209; *Etuk v. Slattery*, 936 F.2d 1433, 1441 (2d Cir.1991), including the pendency of the appeal. *See Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990). Accordingly, a case that is "live" at the outset may become moot "when it becomes impossible for the courts, through the exercise of their remedial powers, to do anything to redress the injury." *Alexander v. Yale*, 631 F.2d 178, 183 (2d Cir.1980); *see Lewis*, 494 U.S. at 477, 110 S.Ct. at 1253.

■ We agree with Colgate that the end of the ice hockey season and the graduation of the last of the plaintiffs render this action moot. None of the plaintiffs can benefit from an order requiring equal athletic opportunities for women ice hockey players. The only two plaintiffs with arguable standing are Thayer Jaques and Julie Wolff, both presently seniors at Colgate. However, the district court's order requiring Colgate to upgrade the status of its women's club ice hockey team does not take effect until the 1993–94 academic year. Because Jaques and Wolff will have graduated by then, nothing that we decide could affect their rights vis-a-vis Col-

gate. *See Gomes v. Rhode Island Interscholastic League*, 604 F.2d 733, 736 (1st Cir. 1979) (student athlete's Title IX action moot because season ended and plaintiff graduated); *see also McFarlin v. Newport Special Sch. Dist.*, 980 F.2d 1208, 1210–11 (8th Cir. 1992) (student athlete's claim for reinstatement to basketball team rendered moot by her graduation); *Alexander*, 631 F.2d 178, 184 (students' Title IX claims rendered moot by their graduation); *cf. DeFunis v. Odegaard*, 416 U.S. 312, 316, 94 S.Ct. 1704, 1705, 40 L.Ed.2d 164 (1974) (per curiam) (law student's admission claim rendered moot by his imminent graduation from law school).

Plaintiffs' complaint includes a demand for damages and attorneys' fees; but this does not alter the conclusion. While a viable claim for damages generally avoids mootness of the action, *see University of Texas v. Camenisch*, 451 U.S. 390, 393–94, 101 S.Ct. 1830, 1833, 68 L.Ed.2d 175 (1981); 13A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3533.3, at 262 (2d ed. 1984), here the district court denied the plaintiffs' request for damages and no appeal has been taken from that decision. *See Board of Sch. Comm'rs of Indianapolis v. Jacobs*, 420 U.S. 128, 128 n. *, 95 S.Ct. 848, 849 n. *, 43 L.Ed.2d 74 (1975). In addition, the plaintiffs' interest in preserving the district court's award of attorneys' fees is insufficient, standing alone, to sustain jurisdiction. *See Lewis*, 494 U.S. at 480, 110 S.Ct. at 1255.

Plaintiffs maintain that this action falls within the exception to the mootness doctrine for those situations "capable of repetition, yet evading review." *Southern Pac. Terminal Co. v. Interstate Commerce Comm'n*, 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911). In the absence of a class action, however, that exception is unavailable unless "(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party would be subjected to the same action again." *Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S.Ct. 347, 349, 46 L.Ed.2d 350 (1975) (per curiam); *see New York Employees' Retirement Sys. v. Dole*

*Food Co.,* 969 F.2d 1430, 1434 (2d Cir.1992). Both prongs of the exception must be present and here the plaintiffs fail to satisfy the second.

The last of the complaining parties will graduate before the district court's order can affect them, and there has been no suggestion that Colgate's policies will be visited upon any one of them in the future. *See McFarlin,* 980 F.2d at 1211 (exception inapplicable "when the issue might recur in someone else's case, but not the plaintiff's"); *Gomes,* 604 F.2d at 736 ("There remains no live controversy between Gomes and the defendants: the volleyball season is over and Gomes, having graduated, will never again attempt to play in interscholastic high school competition."). Accordingly, these plaintiffs may not litigate the claims of students unnamed and unrepresented in this action. We have suggested that a student's claim may not be rendered moot by graduation if he or she sued in a "representational capacity" as the leader of a student organization. *See Brandon v. Board of Educ. of Guilderland Cent. Sch. Dist.,* 635 F.2d 971, 973 n. 1 (2d Cir.1980) (representatives of "Students for Voluntary Prayer"), *cert. denied,* 454 U.S. 1123, 102 S.Ct. 970, 71 L.Ed.2d 109 (1981); *Trachtman v. Anker,* 563 F.2d 512, 514 n. 1 (2d Cir.1977) (editor-in-chief as representative of student newspaper), *cert. denied,* 435 U.S. 925, 98 S.Ct. 1491, 55 L.Ed.2d 519 (1978). Unlike *Brandon* and *Trachtman,* however, the complaint herein sought damages and injunctive relief solely on behalf of the plaintiffs individually, not as representatives of the women's ice hockey club team or other "similarly situated" individuals. *Cf. Cohen v. Brown Univ.,* 991 F.2d 888, 893 (1st Cir.1993) (student athletes' Title IX claim brought on behalf of a class of " 'all present and future Brown University women students and potential students who participate, and/or are deterred from participating in intercollegiate athletics funded by Brown' ").

## CONCLUSION

The judgment of the district court is vacated and the matter remanded to the district court with instructions to dismiss the action as moot.