**Katalin DELI, Plaintiff,**

v.

**UNIVERSITY OF MINNESOTA, Defendant.**

Civ. No. 3–93–671.

United States District Court,
D. Minnesota,
Third Division.

July 18, 1994.

Robert Eugene Oliphant, Oliphant Law Office, St. Paul, MN, for plaintiff.

Mark Allen Bohnhorst, University of Minnesota, Minneapolis, MN, for defendant.

## MEMORANDUM AND ORDER

MAGNUSON, District Judge.

This matter is before the Court upon Defendant University of Minnesota's motion for summary judgment. For the following reasons, the Court grants the motion.

## BACKGROUND

Plaintiff Katalin Deli is the former head coach of the University of Minnesota (University) women's gymnastics team. In June 1992, the University terminated her employment. Ms. Deli challenged this dismissal through the University grievance procedure. After review, the University upheld the termination, finding there existed just cause for her termination.

On October 12, 1993, Deli filed the present action against the University, alleging the University improperly paid her less than head coaches of several men's athletic teams. Deli contends that this pay differential, allegedly based on the gender of the athletes she coached, constituted prohibited discrimination on the basis of sex, in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e; the Equal Pay Act, 29 U.S.C. § 206(d); and Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681–1688.

The University now moves for summary judgment on all three claims. For purposes of this motion, it is important to clearly delineate the parameters of Plaintiff's claims. Plaintiff contends the Defendant discriminated in the compensation it paid her on the basis of the gender of the athletes she coached. Significantly, Plaintiff does not claim that the University discriminated against her on the basis of Plaintiff's gender, i.e. she does not claim that the University's motivation for paying her less money than the coaches of men's sports was the fact that Plaintiff was a woman and the coaches of

men's sports were men. Plaintiff also does not challenge in this action the circumstances, justification or legality of her discharge from employment by the University. Additional facts are discussed as they become relevant.

## DISCUSSION

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Unigroup, Inc. v. O'Rourke Storage & Transfer Co.*, 980 F.2d 1217, 1219–20 (8th Cir.1992). To determine whether genuine issues of material fact exist, a court conducts a two-part inquiry. The court determines materiality from the substantive law governing the claim. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Disputes over facts which might affect the outcome of the lawsuit according to applicable substantive law are material. *Id.* A material fact dispute is "genuine" if the evidence is sufficient to allow a reasonable jury to return a verdict for the non-moving party. *Id.* at 248–49, 106 S.Ct. at 2510–11.

## I. Title VII Claim

■ Title VII prohibits employers from "discriminat[ing] against any individual with respect to his compensation ... *because of such individual's* race, color, religion, *sex* or national origin ..." 42 U.S.C. § 2000e–2(a)(1) (1981) (emphasis added). The clear terms of the statute prohibit discrimination in compensation based on the sex of the recipient. The statute does not proscribe salary discrimination based on the sex of other persons over whom the employee has supervision or oversight responsibilities. Even assuming, *arguendo*, that the University did discriminate in payment of salaries on

the basis of the gender of the athletes the Plaintiff coached, such discrimination is not within the scope of Title VII, which prohibits discrimination based on the claimant employee's gender. *See Jackson v. Armstrong School Dist.*, 430 F.Supp. 1050, 1052 (W.D.Pa.1977) (to be actionable under Title VII, claim must be that claimant was victim of discrimination on basis of claimant's gender, not that of athletes coached by claimant). Plaintiff has failed to state a Title VII claim on which relief can be granted and Defendant is entitled to judgment as a matter of law on Count II of the Complaint.

## II. Equal Pay Act Claims

### A. "Factor Other Than Sex" Exception

■ Plaintiff Deli also claims the Defendant violated the Equal Pay Act because it paid Plaintiff less than the coaches of men's athletics teams, thus discriminating against her on the basis of the gender of the athletes she supervised. Again assuming *arguendo* that the Defendant did discriminate in the payment of salary based on the gender of athletes supervised, such action would not support this Plaintiff's claim for violation of the Equal Pay Act.[1]

The Equal Pay Act (EPA) prohibits an employer from discriminating between employees

> on the basis of sex by paying wages to employees ... at a rate less than the rate at which [the employer] pays wages to employees of the opposite sex ... for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to.... (iv) a differential based on any other factor other than sex.

29 U.S.C. § 206(d)(1). At least one federal court of appeals has squarely held that the

---

1. In her brief opposing summary judgment, Deli asserts in a single sentence that further discovery might show that "she was paid less than male coaches for doing 'equal work ...'" (Plaintiff Memorandum Opposing Summary Judgment at 7). However, no such assertion is found in her Complaint and there is nothing in the record to suggest Plaintiff sought to amend her Complaint to allege discrimination in compensation based on Plaintiff's gender. If Plaintiff seeks to assert a new claim here, it would be inappropriate for the Court to consider such a claim, raised for the first time in a single sentence in a memorandum opposing summary judgment. Regardless, even if the Court were to consider a new Equal Pay Act claim raised in this manner and at this juncture, that claim would fail for other substantive reasons. *See* II.B, *infra.*

"any factor other than sex" language of exception "(iv)" refers to discrimination based on the sex/gender of the claimant; not the gender of those supervised or served by the claimant. *EEOC v. Madison Community Unit School District No. 12*, 818 F.2d 577, 581, 584 (7th Cir.1987); *see DeCintio v. Westchester County Medical Center*, 807 F.2d 304, 308 (2nd Cir.1986) ("sex" has same meaning for Equal Pay Act as in Title VII, employment discrimination based on romantic relationship with applicant not proscribed by Act because same-sex applicants also victims of discrimination, thus discrimination not based on gender of claimant); *cf. Horner v. Mary Institute*, 613 F.2d 706 (8th Cir.1980) (EPA suit brought on basis of gender of employee/claimant teacher; though male comparator's primary duties performed at mixed-gender school and female claimant's duties performed at female-only school, court did not mention discrimination on basis of gender of students taught). After review of the admittedly less-than-clear language of the statute and its history, this Court concurs with the reasoning of the Seventh Circuit— the EPA prohibits discrimination based on the gender of the claimant only and does not reach compensation differentials based on the gender of student athletes coached by a claimant. Such compensation differentials are based on a "factor other than sex" and thus are not proscribed by the EPA. Because Plaintiff's Complaint alleges discrimination based on the gender of the athletes she coached, she has failed to state an actionable claim under the Equal Pay Act and Defendant's motion for summary judgment on Plaintiff's EPA claims will be granted.

### B. Position Not Substantially Equal

Even if Plaintiff had alleged discrimination in salary based on her own gender, her claim could not withstand summary judgment. Relying in part on a case from this Circuit, the Ninth Circuit recently held that a women's basketball coach who was paid less than a men's basketball coach at the same university failed to show that she would likely prevail on her claims for violation of the Equal Pay Act or Title IX. *Stanley v. University of Southern California*, 13 F.3d 1313 (9th Cir.1994) (citing *Horner v. Mary*

*Inst.*, 613 F.2d 706, 713–14 (8th Cir.1980)). The Ninth Circuit affirmed that, consistent with the Equal Pay Act, an employer may pay different salaries to coaches of different genders if the coaching positions are not substantially equal in terms of skill, effort, responsibility, and working conditions. *Stanley* 13 F.3d at 1321 (citing 29 U.S.C. § 206(d)(1)). In order to state an Equal Pay Act claim, a Plaintiff must show her position was substantially equal to that of the comparator positions with respect to each of the foregoing attributes. *Id.*

The comparators Deli has chosen in this suit are the coaches of the men's football, hockey and basketball teams. Defendant has presented evidence to show that all three of those teams are larger than the women's gymnastics team. The University also proffers evidence that the head coaches in those sports supervise more employees than Deli supervised. Further, Defendant has provided evidence to show that the three teams enjoy significantly greater spectator attendance and generate substantially more revenue for the University than the women's gymnastics team. Finally, the University has alleged and provided evidence to support its contention that the coaches of the three men's athletic teams have greater responsibility for public and media relations than Deli had as the coach of the women's gymnastics team. The foregoing evidence alone, if undisputed, is enough to show the Plaintiff's job and that of the head coaches of men's basketball, football and hockey are not "substantially equal" in terms of responsibility and working conditions. *See Stanley*, 13 F.3d 1313, 1322 (finding substantial difference in responsibility based on essentially same factors as those listed above).

Deli offers no evidence to refute the foregoing. While she contends she should be afforded more time for discovery, nowhere does the Plaintiff suggest that additional discovery will uncover evidence tending to refute the evidence the Defendant has provided with respect to the differentials in numbers of subordinates supervised, spectator attendance, public and media relations responsibility and revenue generation. Plaintiff has thus failed to carry her burden of showing

that her position was substantially equal to that of the coaches she selected for comparison in terms of responsibility and working conditions. Because such a showing on those two essential elements is necessary to make out a prima facie case of violation of the EPA, *see e.g., Stanley,* 13 F.3d at 1321; 29 U.S.C. § 206(d)(1), Plaintiff's EPA claims must fail and the Defendant is entitled to judgment as a matter of law.

## III. Title IX Claims

### A. Statute of Limitations

■ Where, as in the case of Title IX, Congress does not provide an express statute of limitations when it creates a federal cause of action, courts applying the federal statute should apply the "most closely analogous" statute of limitations provided under state law. *See, e.g., Reed v. United Transp. Union,* 488 U.S. 319, 323–25, 109 S.Ct. 621, 625–26, 102 L.Ed.2d 665 (1989). Title IX prohibits gender discrimination in education programs which receive federal funding. 20 U.S.C. § 1681. The Minnesota Human Rights Act prohibits discrimination on a variety of bases, including gender, in all educational institutions. Minn.Stat. § 363.03 subd. 5. Both the MHRA and Title IX proscribe discrimination in educational institutions on the basis of gender and essentially seek to make whole the victims of such discrimination. *Compare Cannon v. University of Chicago,* 441 U.S. 677, 704, 99 S.Ct. 1946, 1961, 60 L.Ed.2d 560 (1979) *with Brotherhood of Railway and Steamship Clerks ... v. State Dept. of Human Rights,* 303 Minn. 178, 195, 229 N.W.2d 3 (1975). The Court concludes that the Minnesota Human Rights Act is the most closely analogous statute to Title IX, both in language and purpose. Therefore, the Plaintiff's Title IX claim is subject to the limitations period that governs claims brought under the MHRA.

The MHRA provides that unfair discrimination claims, including claims of gender discrimination in an educational institution must be brought in a civil suit or filed in a charge with a local commission within one year after the occurrence of the alleged discrimination. Minn.Stat. § 363.06 subd. 3. The latest the alleged discrimination might have occurred is June, 1992, the date the Plaintiff received her final paycheck from the University. Plaintiff instituted this action by filing and serving her Complaint on October 12, 1993, well over one year after the last date Defendant might have discriminated in its payment of compensation to the Plaintiff. Because Defendant commenced this action outside of the applicable limitations period, her Title IX claims are barred as untimely.

### B. Merits of Claims

■ Alternatively, even if her claims were timely filed, Plaintiff's Title IX claims fail on the merits.[2] Courts are to accord the authoritative Department of Education Office of Civil Rights (OCR)'s Policy Interpretation and Title IX Investigator's Manual substantial deference in determining the appropriate application of Title IX. *See Cohen v. Brown University,* 991 F.2d 888, 895 (1st Cir.1993); *Roberts v. Colorado State University,* 814 F.Supp. 1507 (D.Colo.1993), *aff'd in part, rev'd in part on other grounds,* 998 F.2d 824 (10th Cir.1993); *Favia v. Indiana University of Pennsylvania,* 812 F.Supp. 578, 584 (W.D.Pa.1993). Plaintiff alleges Defendant violated Title IX by compensating her at a lower level than coaches of certain men's sports. According to the OCR Policy Interpretation, differential compensation of coaches violates Title IX "only where compensation or assignment policies or practices deny male and female athletes coaching of equivalent quality, nature or availability" 44 Fed. Reg. at 71416. More generally, according to Title IX implementing regulations, "[u]nequal aggregate expenditures for members of each sex or unequal expenditures for male and female teams [alone] ... will not constitute noncompliance with [Title IX]" 34

---

**2.** It is not clear Plaintiff has standing to bring a claim for violation of Title IX on behalf of the athletes she coached or women's athletics programs at the University of Minnesota. Rendering the justiciability of Plaintiff's Title IX claim even more suspect is the fact that she was not employed by the University when she brought this action. To the extent Plaintiff had standing to bring this claim during her employment, the claim may have been rendered moot by the termination of her employment. *Cf. Cook v. Colgate University,* 992 F.2d 17 (2nd Cir.1993).

C.F.R. § 106.41(c). The Investigator's Manual confirms that the crux of the inquiry is whether differentials in coaches' compensation result in denial of equal athletic opportunity for athletes:

> If availability and assignment of coaches to both programs are equivalent, it is difficult ... to assert that the lower compensation for coaches in, for example, the women's program, negatively affects female athletes. The intent of [the regulation implementing Title VII] is for equal athletic opportunity to be provided to participants, not coaches.

OCR Title IX Investigator's Manual (1990) at 58.

Plaintiff does not assert in her Complaint or elsewhere that the athletes she supervised received lesser quality coaching as a result of the difference between Plaintiff's salary and salaries paid to coaches of the men's football, hockey and basketball teams. To the contrary, the record shows Plaintiff contends she provided superior coaching and opportunities for the athletes she coached, as evidenced by her coaching honors and the accomplishments of her athletes. *See, e.g.,* Gildea Affid. Ex. 4 & 5; Plaintiff Memo in Opposition to Summary Judgment at 2. Because Plaintiff does not claim or provide any evidence to suggest that due to her receipt of a lower salary than that received by coaches of some men's athletic teams, Plaintiff's coaching services were inferior in "quality, nature or availability" to those provided to the men's teams, she has failed to make out a prima facie claim for violation of Title IX. The Defendant is entitled to summary judgment on Plaintiff's Title IX claims.

Accordingly, IT IS HEREBY **ORDERED** THAT:

Defendant's motion for summary judgment is GRANTED and this matter is DISMISSED.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**