Gally v. NLRB

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>AMENDED SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of September, two thousand twelve.

PRESENT: DENNIS JACOBS,
                              <u>Chief Judge</u>,
              ROSEMARY S. POOLER,
              SUSAN L. CARNEY,
                              <u>Circuit Judges</u>.
- - - - - - - - - - - - - - - - - - - -X
GEORGE H. GALLY, SOLO J. DOWUONA-HAMMOND,
          <u>Petitioners</u>,

          -v.-                                    11-2262

NATIONAL LABOR RELATIONS BOARD,
          <u>Respondent</u>,

          and

INTERNATIONAL UNION, UAW,
          <u>Intervenor</u>.

- - - - - - - - - - - - - - - - - - - -X

1

**FOR PETITIONERS:**    W. James Young, National Right to Work Legal Defense Foundation, Inc., Springfield, Va.

**FOR RESPONDENT:**    Jill A. Griffin, Supervisory Attorney, Elizabeth A. Heaney, Attorney, Lafe E. Solomon, Acting General Counsel, John H. Ferguson, Associate General Counsel, Linda Dreeben, Deputy Associate General Counsel, National Labor Relations Board, Washington, D.C.

**FOR INTERVENOR:**    Michael Nicholson, Blair K. Simmons, Detroit, Mich., Laurence Gold, James B. Coppess, Washington, D.C.

Petition for review of a decision and order of the National Labor Relations Board.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the petition for review be **DISMISSED** and the order of the National Labor Relations Board be **VACATED.**

George H. Gally and Solo J. Dowuona-Hammond petition for review of a decision and order of the National Labor Relations Board determining that the annual renewal requirement imposed on Beck objectors by the International Union, United Automobile, Aerospace & Agricultural Implement Workers of America ("UAW") and UAW Local Union #376 did not violate the duty of fair representation. See generally Commc'ns Workers of Am. v. Beck, 487 U.S. 735, 762-63 (1988) ("We conclude that § 8(a)(3) [of the National Labor Relations Act] . . . authorizes the exaction of only those fees and dues necessary to performing the duties of an exclusive representative of the employees in dealing with the employer on labor-management issues." (internal quotation marks omitted)).  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"It is . . . commonplace that jurisdiction of federal courts is limited to cases and controversies."  Cook v.

2

Colgate Univ., 992 F.2d 17, 19 (2d Cir. 1993) (citing U.S. Const. art. III, § 2, cl. 1). "Hence, litigants are required to demonstrate a 'personal stake' or 'legally cognizable interest in the outcome' of their case." Id. (quoting United States Parole Comm'n v. Geraghty, 445 U.S. 388, 396 (1980)). "While the standing doctrine evaluates this personal stake as of the outset of the litigation, the mootness doctrine ensures that the litigant's interest in the outcome continues to exist throughout the life of the lawsuit, including the pendency of the appeal." Id. (citations omitted). "Accordingly, a case that is live at the outset may become moot when it becomes impossible for the courts, through the exercise of their remedial powers, to do anything to redress the injury." Id. (internal quotation marks omitted).

Petitioners are no longer members of a UAW-represented bargaining unit and thus are not subject to the UAW's annual renewal requirement. Dowuona-Hammond's NLRB charge alleged that the requirement violated his rights "as well as the rights of all similarly-situated employees"--who continue to be subject to the requirement. But "[i]n the ordinary case, a party is denied standing to assert the rights of third persons." Vill. of Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252, 263 (1977).

"[A] viable claim for damages generally avoids mootness of the action," Cook, 992 F.2d at 19, but it is undisputed that the UAW treated Gally as a Beck objector during all relevant times and has refunded Dowuona-Hammond the excess amount withheld from him plus interest ($87.19). Petitioners argue that they have not been compensated for the costs they incurred filing objections, but Petitioners have no viable claim for these postage costs. In their exceptions to the decision of the administrative law judge-- which found that the UAW and UAW Local Union #376 had committed unfair labor practices and ordered them to cease and desist--Petitioners requested a "'make whole' remedy to all 'Beck objectors' whose objections were treated as having expired during the six months prior to the filing of Gally's charge, and whose objections were treated as having expired during the pendency of these proceedings." If Petitioners sought a remedy that included the cost of filing, they would have requested compensation for *all* Beck objectors, even those whose objections had not expired. "No objection that has not been urged before the Board . . . shall be considered by the court, unless the failure or neglect to

3

urge such objection shall be excused because of extraordinary circumstances." 29 U.S.C. § 160(e).

Petitioners contend that Knox v. Serv. Emps. Int'l Union, Local 1000, 132 S. Ct. 2277 (2012), "casts a critical eye" on objection requirements such as the UAW's. This is an issue best considered after full briefing. In any event, Petitioners' claim is moot.

"It is well established that, when a matter becomes moot on appeal, federal appellate courts will generally vacate the lower court's judgment . . . ." Coll. Standard Magazine v. Student Ass'n of the State Univ. of N.Y. at Albany, 610 F.3d 33, 35–36 (2d Cir. 2010) (per curiam) (internal quotation marks omitted). The same principle applies to administrative orders. A.L. Mechling Barge Lines v. United States, 368 U.S. 324, 329 (1961).

For the foregoing reasons, we **DISMISS** the petition for review and **VACATE** the order of the National Labor Relations Board.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK