■ WINTON MERRYMAN et al., Respondents-Appellants, v PAUL S. GOTTLIEB et al., Defendants and Third-Party Plaintiffs-Appellants-Respondents. CHARLES BENFER, Third-Party Defendant. (And Three Other Actions.) — Cross appeals from a judgment of the Supreme Court in favor of plaintiff, entered March 8, 1983 in Ulster County, upon a decision of the court at Trial Term (Bradley, J.), without a jury. Defendants Paul and Harry Gottlieb owned 55 of the 100 shares of stock in a close corporation which was in the retail hardware business. They entered into a written agreement, dated December 31, 1979, to sell their shares to plaintiffs for $25,000 in cash and two promissory notes for about $50,000 due August 2, 1980. In addition, it was agreed that the corporation would give a promissory note to Paul Gottlieb for approximately $5,500, payable at the same time as the other two notes. The cash was paid at the closing, but at some point prior to the due date of the notes, plaintiffs discovered what they considered to be misrepresentations and commenced an action seeking to rescind the contract. Defendants commenced separate actions to recover on the three notes. The actions were consolidated for a nonjury trial. Trial Term concluded that plaintiffs failed to establish deliberate misrepresentations on the part of defendants, but did find a mutual mistake of an existing material fact. Accordingly, Trial Term partially rescinded the contract by rescinding the provisions for the payment of the three notes. This had the effect of enforcing the sale of the stock for the $25,000 cash which was paid. Trial Term also dismissed the Gottlieb complaints in the other three actions. Defendants appealed and plaintiffs cross-appealed. The basis for plaintiffs' complaint seeking rescission was that, prior to the sale, Paul Gottlieb fraudulently misrepresented that the inventory of the store was worth between $100,000 and $120,000 when at the time of the closing, the inventory was worth less than $50,000 at cost. We agree with Trial Term that the evidence fails to support this contention. Paul Gottlieb denied that he made any statement regarding the value of the inventory, but testified that such statement was made by the other shareholder who did not sell his interest. Moreover, the testimony indicates that Paul Gottlieb was not involved in the day-to-day running of the store, never took an inventory of the store and, during the fall of 1979 when negotiations were taking place, was not aware of the exact value of the store's inventory. Plaintiffs also argue that Paul Gottlieb misrepresented the amount of accounts payable. However, plaintiffs offered no evidence indicating that Paul Gottlieb ever gave a specific figure as the total accounts payable. Thus, he certainly made no misrepresentation of fact regarding this point. Moreover, any representations claimed by plaintiffs were not material since, during the negotiations, defendants offered to allow plaintiffs to conduct their own inventory, which offer they declined. Plaintiffs were also given copies of the 1976, 1977 and 1978 balance sheets and tax returns. The store's accountant informed plaintiffs that a balance sheet for 1979 could

not be prepared without an inventory. Additionally, plaintiffs were offered the opportunity to review the updated books of the corporation. The evidence indicates that plaintiffs never retained an attorney or accountant to review the records. There was no evidence offered to indicate that an inventory and a proper review of the corporation's records would not have revealed the true financial status of the business. Thus, even if plaintiffs' version of the facts is accepted, the misrepresentations asserted were, at best, estimations and were not material. Dealing next with defendants' contention that Trial Term erred in finding a mutual mistake of an existing fact, we initially note that, if this particular contract should have been rescinded at all, it should have been rescinded completely and not partially (see 22 NY Jur 2d, Contracts, § 421, pp 342-343). In our view, a mutual mistake of fact warranting rescission was not established. It is clear from the record that there was no mistake of fact. There was no question that the transaction involved a sale of the majority interest in a going business which included the inventory within the store. The fact that, if plaintiffs' proof is accepted, Paul Gottlieb may have overestimated the value of the inventory, does not mean there was a mistake over the subject of the contract. Moreover, it is apparent from the record that plaintiffs' mistake regarding the value of the inventory and the amount of accounts payable is attributable to their own negligence. They were offered the opportunity to conduct an inventory prior to the sale yet failed to do so. They were given financial statements and tax returns for the three years prior to 1979 and were given access to the then current books and records of the corporation, yet failed to have these reviewed by an attorney or accountant. There is no evidence in the record that such actions would not have revealed the true financial picture of the business. Plaintiffs should not be given equitable relief from a situation which was, to a large extent, of their own making (21 NY Jur 2d, Contracts, § 121, p 529). Accordingly, the judgment must be reversed, plaintiffs' complaint in action No. 1 dismissed, and the complaints in actions Nos. 2, 3 and 4 reinstated. Judgment reversed, on the law and the facts, without costs, complaint in action No. 1 dismissed and complaints in actions Nos. 2, 3 and 4 reinstated. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.