## DEEPER LIFE CHRISTIAN FELLOWSHIP, INC., Plaintiff–Appellant,

v.

Thomas **SOBOL**, in his official capacity as Commissioner of Education of the State of New York, Defendant–Appellee.

No. 53, Docket 91–7157.

United States Court of Appeals, Second Circuit.

Argued Aug. 27, 1991.

Decided Oct. 24, 1991.

Kevin J. McGill, New York City (Clifton Budd & DeMaria, of counsel), for plaintiff-appellant.

Gayle A. Sullivan, New York City, Asst. Atty. Gen., State of N.Y. (Robert Abrams, Atty. Gen., State of N.Y., of counsel), for defendant-appellee.

Before OAKES, Chief Judge, FEINBERG and CARDAMONE, Circuit Judges.

FEINBERG, Circuit Judge:

Plaintiff Deeper Life Christian Fellowship, Inc. (Deeper Life), a fundamentalist Christian church, appeals from the dismissal of its complaint against Thomas Sobol in his official capacity as Commissioner of Education of the State of New York, the denial of its motion for reargument and a final judgment in favor of defendant-appellee Sobol, Edward R. Korman, J., in the United States District Court for the Eastern District of New York. Appellee claims, among other things, that this appeal is moot. We agree with appellee and dismiss the appeal.

I. Background

In August 1987, Deeper Life applied for and received a permit from District 27 Community School Board (the School Board) to use the auditorium of P.S. 60 for weekly meetings on Sundays. Deeper Life explained that it needed the auditorium because its church headquarters would be undergoing renovations for six to eight months. Although the School Board granted the initial permit, it subsequently declined to renew that permit, believing that using the school for religious purposes would violate § 414 of the New York State Education Law (§ 414). Deeper Life responded by filing a complaint in the United States District Court for the Eastern District of New York against the New York

City Board of Education and other local officials (the city defendants), alleging that the denial of the permit was unconstitutional.

The district court subsequently issued a preliminary injunction prohibiting the denial of future weekend use permits pending further court order. The city defendants appealed to this court. While the appeal was pending, Deeper Life filed an amended complaint and then a second amended complaint directly challenging the constitutionality of § 414 and adding Sobol as a defendant. On appeal, we considered only the original complaint and affirmed the district court's grant of the preliminary injunction. *Deeper Life Christian Fellowship, Inc. v. Board of Educ. of the City of New York,* 852 F.2d 676 (2d Cir.1988) (*Deeper Life I*). We did so on the limited ground that there was "fair ground for litigation," and pointed out that substantial factual issues had to be resolved in the district court. Id. at 680–81.

After our opinion was issued, Deeper Life and the city defendants reached a settlement, and the district court ordered the action against the city defendants discontinued without prejudice. Thereafter, the judge dismissed the complaint against Sobol because the judge believed that our decision in *Deeper Life I* foreclosed any claim based on the unconstitutionality of § 414. Although Deeper Life moved to reinstate the second amended complaint against Sobol, the motion was denied and final judgment was entered in favor of Sobol. This appeal followed.

## II. Discussion

*Mootness*

■ Under Article III of the Constitution, federal courts are empowered to adjudicate only actual, ongoing cases or controversies. A case in federal court must be alive at all stages of judicial proceedings, not only at the point at which a suit was originally filed. *Deakins v. Monaghan,* 484 U.S. 193, 199, 108 S.Ct. 523, 527, 98

L.Ed.2d 529 (1988); *Steffel v. Thompson,* 415 U.S. 452, 459 n. 10, 94 S.Ct. 1209, 1216 n. 10, 39 L.Ed.2d 505 (1974). If events subsequent to the filing of a lawsuit resolve the controversy, the case should be dismissed as moot. *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 397, 100 S.Ct. 1202, 1209, 63 L.Ed.2d 479 (1980).

■ Deeper Life originally filed suit against the city defendants because they had denied its application for a permit to use the auditorium of P.S. 60 and it needed a place to hold weekly religious meetings while its church headquarters were being renovated. However, the church renovations were completed in the latter part of 1988, and since then Deeper Life has not applied for or been denied any further school use permits.[1] As already indicated, Deeper Life has also settled its claim against the city defendants, and the settlement included payment of its attorneys' fees. Therefore, the underlying controversy—based on appellant's need for an alternative religious meeting place and the denial of a permit to meet that need—has been terminated. Although Deeper Life's amended complaint alleges that § 414 is unconstitutional on its face and as applied, prudential standing doctrine requires that a plaintiff have suffered an injury beyond a citizen's concern that the government may not be following the law. *Warth v. Seldin,* 422 U.S. 490, 499, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975). At this stage of the litigation, there is no indication in the district court record before us that Deeper Life's complaint amounts to more than just such a generalized grievance.

Appellant brings to our attention a case decided recently by the First Circuit which, Deeper Life argues, supports the claim that Deeper Life has a live case or controversy although its original need for a permit has terminated. See *Grace Bible Fellowship, Inc. v. Maine School Admin. Dist. #5,* 941 F.2d 45 (1st Cir.1991). However, in *Grace Bible Fellowship,* plaintiffs had applied for a permit to hold a Christ-

1. Appellant's attorney stated at oral argument that his client recently filed an application with the School Board for a permit. However, the fact of this filing is nowhere evident in the record from the district court and is therefore not before us on appeal.

mas dinner on school premises and, the court determined, were likely to request similar permission again. See id. at 46. Here, in contrast, Deeper Life requested the premises at issue to accommodate a particular need that is no longer present and that is not sufficiently likely, on the record, to arise again in the near future, as discussed more fully below. Therefore, our holding that this case is moot does not contradict the reasoning in *Grace Bible Fellowship.*

*Capable of repetition yet evading review*

■ Appellant asserts that its claims constitute an exception to the mootness doctrine for cases which are "capable of repetition yet evading review." *Murphy v. Hunt,* 455 U.S. 478, 482, 102 S.Ct. 1181, 1183, 71 L.Ed.2d 353 (1982); *Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 348, 46 L.Ed.2d 350 (1975) (per curiam). To satisfy this exception, an action must "in its duration [be] too short to be fully litigated prior to its cessation or expiration" and there must be "a reasonable expectation that the same complaining party would be subjected to the same action again." *Murphy,* 455 U.S. at 482, 102 S.Ct. at 1183 (quoting *Weinstein,* 423 U.S. at 149, 96 S.Ct. at 349). Application of this doctrine is limited to "exceptional situations." *City of L.A. v. Lyons,* 461 U.S. 95, 109, 103 S.Ct. 1660, 1669, 75 L.Ed.2d 675 (1983).

The present case satisfies neither element of the "capable of repetition yet evading review" test. As to the second element, the controversy does not evade review. The fact that Deeper Life's need terminated before the district court decided the merits proves only that this case is moot, not that the denial of a permit inherently evades review. Indeed, the fact that Deeper Life was able to obtain preliminary injunctive relief from the district court lasting for the duration of the period during which it allegedly needed to use the school auditorium demonstrates the adequacy of judicial review in addressing the kind of problem with which Deeper Life was faced.

Moreover, Deeper Life's particular problem is not sufficiently likely to recur. Deeper Life allegedly needed the use permit denied in the present litigation because it was in the process of renovating its church headquarters. It is true that Deeper Life's assistant pastor, Joel Sadaphal, has submitted an affidavit dated April 10, 1991, stating that negotiations are ongoing for the acquisition of property to be merged with Deeper Life's current headquarters and that this would require his congregation to vacate the building again. The affidavit also states that the congregation will need to use school premises for a series of seminars and for a program of church conventions. The affidavit is not in the district court record, however, but was submitted to this court in opposition to Sobol's motion to dismiss the appeal as moot. Moreover, even if we considered it, Sadaphal admits that "the acquisition of this property and construction of a new facility is not imminent," although he claims that "we realistically expect construction to begin in the next few years." We note that in March 1989, in the district court, Sadaphal made almost the same prediction with respect to construction and at that time also expected that the congregation would need school premises for quarterly seminars and a church convention anticipated for "some time in 1989." Appellant's alleged need for school premises, however, has not, on the record before us, motivated an application for a permit since December 1988, and the predicted construction seems no closer now. Deeper Life has therefore failed to show that its need for a permit rises to the level of a "demonstrated probability" or a "reasonable expectation" for which federal courts make an exception to the mootness doctrine.

Appellant cites *Honig v. Doe,* 484 U.S. 305, 318–19 n. 6, 108 S.Ct. 592, 601 n. 6, 98 L.Ed.2d 686 (1988), apparently for the proposition that "capable of repetition" means only that repetition could possibly occur, not that there is a probability that it will. We do not believe that the majority in *Honig* went that far. The Court held there that it was "reasonable to expect" and "probable"—not simply possible—that the complaining party would again be subjected to the "action for which he initially sought relief." Id. at 321, 108 S.Ct. at 603.

In that case, moreover, the Court's opinion provided abundant evidence that the scenario at issue was likely to recur. Id. at 318–22, 108 S.Ct. at 601–04. In the present case, we do not have similarly compelling evidence.

Appellant also cites *R.C. Bigelow, Inc. v. Unilever N.V.*, 867 F.2d 102 (2d Cir.1989), cert. denied, 493 U.S. 815, 110 S.Ct. 64, 107 L.Ed.2d 31 (1989), for the view that a minimal showing is required to prove "capable of repetition." However, in *R.C. Bigelow*, we were dealing with the well-settled rule that voluntary cessation of allegedly illegal conduct does not render the case moot. Id. at 106. In the instant case, Sobol did not voluntarily cease the denial of use permits to appellant. It was Deeper Life whose need for the permit terminated. Therefore, *R.C. Bigelow* has no application to this case.

*Unbridled Discretion*

■ Deeper Life maintains that a live case or controversy remains notwithstanding the lack of a pending application for a permit. It notes that where a licensing statute vests unbridled discretion in a government official to decide whether or not to permit expressive activity, anyone who is subject to that statute may challenge it facially without the necessity of first applying for and being denied a license. Deeper Life cites such cases as *City of Lakewood v. Plain Dealer Publishing Co.*, 486 U.S. 750, 755–56, 108 S.Ct. 2138, 2142–43, 100 L.Ed.2d 771 (1988); *Freedman v. Maryland*, 380 U.S. 51, 56, 85 S.Ct. 734, 737, 13 L.Ed.2d 649 (1965); *Thornhill v. Alabama*, 310 U.S. 88, 97, 60 S.Ct. 736, 741, 84 L.Ed. 1093 (1940) and *Lovell v. Griffin*, 303 U.S. 444, 452–53, 58 S.Ct. 666, 669, 82 L.Ed. 949 (1938). Subsequent to oral argument, appellant also called our attention to *Sentinel Communications Co. v. Watts*, 936 F.2d 1189 (11th Cir.1991). This case followed the Supreme Court line of cases on which appellant relies. Id. at 1197. Deeper Life claims that § 414 is a licensing statute that gives standardless and unfettered discretion to officials to issue licenses and therefore to restrain speech. We note that the line of

Supreme Court cases relied upon by Deeper Life did not involve, as in our case, a public school building. Putting aside that possible distinction, however, the issue before us is whether or not § 414 vests unbridled discretion in the School Board or in Sobol to grant or deny permits to a group like Deeper Life.

The relevant language of § 414 to which Deeper Life refers is in section (c), which permits the use of school property during specified hours "[f]or holding social, civic and recreational meetings and entertainments, and other uses pertaining to the welfare of the community ...." New York Educ. Law § 414. According to Deeper Life, the term "welfare of the community" gives the School Board no guidance and therefore leaves open the potential for content censorship of religious groups like Deeper Life, which the First Amendment prohibits. We disagree.

We follow our prior opinion in *Deeper Life I* in holding that under § 414, "access to the school property is permitted only where it serves the interests of the public in general, rather than that of sectarian groups .... It seems clear ... that the church's activities are primarily for its own benefit, that is, to increase its membership and raise the funds to pay for its renovations." 852 F.2d at 680. The prior panel did not construe the statute as giving the School Board *any* discretion—bridled or unbridled—with respect to the granting of use permits to religious groups: such permits may simply not be issued. Moreover, as the panel pointed out, "the regulations governing the use of school premises expressly exclude fundraising for, teaching the tenets of, or distributing material promoting a particular religion." Id. (citing Board of Educ. of the City of N.Y. Permit Processing Procedure, Fee Schedules, and Rules and Regulations Governing the Extended Use of School Bldgs. Special Circular No. 4 (1978–79), §§ 5.6(c), 5.20, 5.27.)

■ Finally and most importantly, a New York State appellate court has similarly construed § 414. See *Trietley v. Board of Educ. of the City of Buffalo*, 65 A.D.2d 1, 409 N.Y.S.2d 912 (4th Dep't

1978). That case involved a group of high school students who challenged the Board of Education's denial of permission to establish bible clubs in the Buffalo public schools. The Appellate Division there held that the Board of Education had no authority under § 414 to grant permission to these students because "[r]eligious purposes are not included in the enumerated purposes for which a school may be used under section 414 of the Education Law." Id. at 5–6, 409 N.Y.S.2d 912. It is well-established that the highest court of a state has the final word on the meaning of state law. See, e.g., *Erie R.R. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938). Here, where an appellate court of New York has construed the statute in question, its construction is binding on this court in the absence of "other persuasive data that the highest court of the state would decide otherwise." *West v. American Telephone & Telegraph Co.*, 311 U.S. 223, 237, 61 S.Ct. 179, 183, 85 L.Ed. 139 (1940). Therefore, the cases cited by appellant, which permit a constitutional challenge without any application for a permit when there is unbridled discretion in a licensing official, do not help appellant.

Moreover, the rationale underlying the Supreme Court line of cases upon which appellant relies is set forth in *Lakewood v. Plain Dealer Publishing Co.*, 486 U.S. at 757, 108 S.Ct. at 2143. It is that "the mere existence of the licensor's unfettered discretion, coupled with the power of prior restraint, intimidates parties into censoring their own speech, even if the discretion and power are never actually abused." In this case, however, there is no real risk of self-censorship, partly because a religious group is not going to alter its tenets in order to obtain a permit and, even if it were to change its tenets, the statute would still not allow appellant a permit so long as it remained a religious organization.

We leave open the question whether, with respect to groups other than religious groups, the language of § 414 gives licensing bodies unbridled discretion to permit or deny expressive activity. To have standing, a plaintiff must suffer an injury which is caused by the harm of which plaintiff complains. *Warth*, 422 U.S. at 499, 95 S.Ct. at 2205. Because there is no discretion under § 414 to grant permits to religious groups, appellant's alleged injury is not caused by a grant of unbridled discretion. It is true that appellant presses other constitutional claims upon us in connection with denial of a permit, e.g., that the application of § 414 to appellant violates the Establishment Clause because it evinces hostility to religion. But with respect to this and related claims, there exists no live controversy for us to decide. We therefore dismiss this appeal as moot and do not reach the question whether § 414 is constitutionally valid in all circumstances.

### III. Conclusion

Our holding does not preclude Deeper Life from bringing a future action in district court if and when it applies for and is denied a school use permit. The present action, however, is moot.

Appeal dismissed.