■ K3 Equipment Corporation, Appellant-Respondent, v Walter H. Kintner, Respondent-Appellant. [649 NYS2d 535] —Carpinello, J. Cross appeals from an order of the Supreme Court (Rose, J.), entered May 9, 1995 in Broome County, which, inter alia, partially granted defendant's motion for summary judgment.

In 1987, defendant, Floyd Kintner and Thomas Kintner formed plaintiff. They served as the officers and directors of plaintiff, and each owned one third of its outstanding shares.

On August 17, 1993, plaintiff and defendant entered into an agreement whereby plaintiff redeemed defendant's stock for the sum of $280,000 and defendant resigned as an officer, director and employee of plaintiff. As part of this transaction, plaintiff and defendant each executed a general release that encompassed all claims or actions "from the beginning of the world to the date of this Agreement".

Thereafter, plaintiff commenced the instant action to recover certain sums that defendant had withdrawn from the corporate account several days before his departure from plaintiff. At defendant's request, plaintiff's bookkeeper reimbursed defendant for six weeks of unused vacation time totalling $10,500 and prepared a check in the amount of $1,740 to pay an accounting firm for services that it had performed in connection with the redemption of defendant's shares. Defendant's answer contained the affirmative defense of release and also contained counterclaims based upon a $10,000 officer's loan taken by Thomas Kintner on or about August 5, 1993 and payments made by plaintiff in the approximate amount of $8,000 to another accounting firm for its services.

Plaintiff moved for summary judgment, claiming that the disbursements taken by defendant required the approval of a majority of the directors of the corporation and that his actions constituted fraud and self-dealing. Defendant opposed plaintiff's motion based on the execution of the release and cross-moved for summary judgment on his counterclaims. Supreme Court denied both parties' motions for summary judgment on their respective causes of action in the complaint and counterclaims, finding that they were barred by the releases. Supreme Court granted the motions to the extent of dismissing the complaint and counterclaims. Plaintiff has appealed and defendant has cross-appealed, though defendant now maintains that the decision of Supreme Court was entirely correct.

It is well established that "a valid release which is clear and unambiguous on its face and which is knowingly and voluntarily entered into will be enforced as a private agreement between parties" (*Appel v Ford Motor Co.*, 111 AD2d 731, 732; *see, Thailer v LaRocca*, 174 AD2d 731, 733; *Skluth v United Merchants & Mfrs.*, 163 AD2d 104, 106). A release is a "jural act of high significance * * * [i]t is for this reason that the traditional bases for setting aside written agreements, namely, duress, illegality, fraud, or mutual mistake, must be established or else the release stands" (*Mangini v McClurg*, 24 NY2d 556, 563; *see, Stone v National Bank & Trust Co.*, 188 AD2d 865, 867; *Mergler v Crystal Props. Assocs.*, 179 AD2d 177, 180).

Plaintiff's sole claim on this appeal is that defendant had a duty to disclose his withdrawal of corporate funds to the remaining shareholders and that his failure in this regard constitutes a breach of his fiduciary duties. However, plaintiff does not address the impact of the release on the viability of its present claim. Plaintiff has made no showing that its execution of the release was tainted by fraud, mutual mistake, duress or illegality. To the extent that plaintiff may be arguing that it was unaware of defendant's conduct prior to its execution of the release, plaintiff's lack of knowledge is irrelevant and does not preclude an award of summary judgment dismissing the complaint (see, e.g., Mergler v Crystal Props. Assocs., supra, at 180). The facts giving rise to plaintiff's claims were in existence at the time the release was signed; indeed, the checks at issue were prepared by plaintiff's bookkeeper and the transaction presumably reflected in plaintiff's own books. Consequently, the release by its own terms bars an action on any claim arising prior to its execution (see, Stone v National Bank & Trust Co., supra, at 867). For the same reason, Supreme Court properly found that defendant's release barred his counterclaims.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs.