■ WILLIAMSON CENTRAL SCHOOL DISTRICT, Appellant-Respondent, v E & L PIPING, INC., et al., Respondents-Appellants. [690 NYS2d 352] —Order unanimously reversed on the law without costs, cross motion denied, motion granted and complaint dismissed. Memorandum: Defendants contend that Supreme Court erred in failing to grant their motion for summary judgment on the ground that a general release signed by plaintiff in their favor bars this action. We agree.

On May 6, 1993, defendant E & L Piping, Inc. (E & L) entered into contracts with plaintiff to perform HVAC and plumbing work on plaintiff's property. Disputes between the parties subsequently arose regarding E & L's entitlement to additional payments of $242,000 under the contracts. The parties submitted the disputes to arbitration and then agreed to mediation. The parties ultimately settled E & L's claim for $70,342, $47,732.80 of which was a final progress payment on the HVAC contract. The parties signed mutual general releases as part of the settlement agreement. Plaintiff's general release to defendants released E & L, "its officers, directors and employees" from "all actions * * * claims, and demands whatsoever * * * which against the Releasees, the Releasor * * * ever had, now have or hereafter can, shall or may have, for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this Release."

In the spring of 1996 plaintiff discovered that in August 1993 it mistakenly made a double payment to E & L under the contracts. Plaintiff commenced the present action seeking to rescind its release and recover the overpayment based on breach of contract, misrepresentation and unjust enrichment. Defendants moved for summary judgment on the ground that plaintiff's general release barred the action. Plaintiff cross-

moved for summary judgment on the ground that the general release should be set aside for mutual mistake or fraud and that judgment in the amount of the overpayment plus interest should be granted in plaintiff's favor.

Supreme Court denied defendants' motion and granted plaintiff's cross motion to the extent of rescinding plaintiff's general release and granted judgment against E & L in the amount of the overpayment plus interest from April 15, 1996, the date on which plaintiff demanded repayment of the overpayment. We reverse.

Plaintiff's execution of a general release in defendants' favor was "a jural act of high significance" (*Mangini v McClurg*, 24 NY2d 556, 563). The intent of the parties is dictated by the language employed in the release, and the fact that one party may have intended something different is irrelevant (*see, LeMay v H.W. Keeney, Inc.*, 124 AD2d 1026, 1027, *lv denied* 69 NY2d 607). Here, plaintiff agreed to release E & L from all claims plaintiff "ever had, now have or hereafter can, shall or may have" by reason of any matter that occurred before the date of the release. Plaintiff signed the release to settle all claims arising from the contracts with defendants. By executing that general release, plaintiff not only released the disputed claims, but also those that could have been litigated (*see, Mar Co. Export v Banco De Santander—Puerto Rico*, 99 AD2d 403, 404). The release by its own terms bars any claim arising before its execution, and thus this action is barred (*see, K3 Equip. Corp. v Kintner*, 233 AD2d 556, 558; *see also, Liling v Segal*, 220 AD2d 724, 725-726).

Plaintiff contends that the release should be rescinded based on mutual mistake or fraud. The record shows that plaintiff made the overpayment in August 1993 and first discovered it some 2$\frac{1}{2}$ years later. During that period plaintiff made further progress payments to E & L, and the contract work was completed. Additionally, plaintiff demanded arbitration of its additional claims under the contracts and the matter was arbitrated, mediated and ultimately settled. Although the parties may not have realized the existence of the overpayment until 1996, the negligence of plaintiff in failing to discover the facts giving rise to this claim, which were easily accessible and within its possession and control, bars it from seeking rescission of the release on the ground of mistake (*see, Da Silva v Musso*, 53 NY2d 543, 551-552; *K3 Equip. Corp. v Kintner, supra*, at 558; *Merryman v Gottlieb*, 99 AD2d 893, 894). Likewise, plaintiff's conclusory allegation that the release should be rescinded based on fraud may not be sustained

because plaintiff failed to show that E & L knowingly made misrepresentations regarding the overpayment and that plaintiff reasonably relied on such misrepresentations (*see, New York City School Constr. Auth. v Koren-DiResta Constr. Co.*, 249 AD2d 205).

Consequently, we reverse the order, deny plaintiff's cross motion and grant defendants' motion for summary judgment dismissing the complaint. (Appeals from Order of Supreme Court, Wayne County, Sirkin, J.—Summary Judgment.) Present—Lawton, J. P., Hayes, Wisner, Hurlbutt and Scudder, JJ.