**Stephen KRAMER, Plaintiff–Appellant,**

v.

**Stuart SCHLOSS, Defendant–Appellee.**

No. 02–9057.

United States Court of Appeals, Second Circuit.

Feb. 27, 2004.

Robert E. Ganz, Ganz Wolkenbreit & Friedman, LLP, Albany, NY, for Appellant.

Craig M. Crist, Dreyer Boyajian LLP, Albany, NY, for Appellee.

PRESENT: CALABRESI, SACK, and CUDAHY,* Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Stephen Kramer appeals from an August 1, 2002 judgment of the district court granting defendant-appellee Stuart Schloss's motion for summary judgment and denying Kramer's cross-motion for summary judgment in Kramer's diversity action against Schloss. The lawsuit arises from Schloss's purchase of Kramer's shares of capital stock in Finserv Health Care Systems, Inc., a closely held New York corporation. Schloss, the controlling shareholder of Finserv, was engaged in negotiations to sell the company to a third party at the same time he was offering to buy Kramer's shares at a substantially lower price per share than the equivalent of that offered by the third party. Kramer asserts that Schloss breached a fiduciary duty toward and committed fraud on Kramer by not disclosing details of the negotiations before buying Kramer's shares. The district court granted summary judgment for Schloss based on releases running to Schloss that Kramer executed at the time of the sale of

---

* Of the United States Court of Appeals for the   Seventh Circuit, sitting by designation.

his shares. Kramer asserts on appeal that under New York law, the releases were invalid. After carefully reviewing the district court's grant of summary judgment de novo, *Tenenbaum v. Williams*, 193 F.3d 581, 593 (2d Cir.1999), we conclude that the district court incorrectly granted Schloss's motion for summary judgment.

"We are bound, as was the district court, to apply the law as interpreted by New York's intermediate appellate courts ... unless we find persuasive evidence that the New York Court of Appeals, which has not ruled on this issue, would reach a different conclusion. *See Grand Light & Supply Co. v. Honeywell, Inc.*, 771 F.2d 672, 678 (2d Cir.1985) (citing *Entron, Inc. v. Affiliated FM Ins. Co.*, 749 F.2d 127, 132 (2d Cir.1984)); *accord Deeper Life Christian Fellowship, Inc. v. Sobol*, 948 F.2d 79, 84 (2d Cir.1991) (citing *West v. American Telephone & Telegraph Co.*, 311 U.S. 223, 237, 61 S.Ct. 179, 85 L.Ed. 139 (1940))." *Pahuta v. Massey–Ferguson, Inc.*, 170 F.3d 125, 134 (2d Cir.1999). In the Appellate Division, First Department's recent decision in *Blue Chip Emerald LLC v. Allied Partners Inc.*, 299 A.D.2d 278, 750 N.Y.S.2d 291 (1st Dep't 2002), *leave to appeal denied*, 2003 N.Y.App. Div. LEXIS 9600 (1st Dep't Sept. 16, 2003), "New York's intermediate appellate court[ ]," *Pahuta*, 170 F.3d at 134, refused, at the pleading stage, to enforce releases similar to those executed by Kramer. The court observed:

> [I]n negotiating the [buy-out agreement there in issue], the [defendants] had no right to keep to themselves or misrepresent material facts concerning their efforts to sell or lease the [property there in issue], such as, for example, the prices prospective purchasers were offering to pay. If the [defendants] kept silent about such matters ... the contractual disclaimers ... invoked as grounds for dismissing this action would be voidable

as the fruit of the fiduciary's breach of its obligation to make a full disclosure.... [E]ven if the disclaimers of the [buy-out agreement] would have negated any allegation of reliance on the [defendants] by a party to whom they owed no fiduciary duty, such disclaimers must be deemed ineffective, on this motion addressed to the pleadings, as against [the plaintiff], to whom the [defendants] did owe such a duty. Similarly ineffective to bar this action at the pleading stage is the general release [the plaintiff] executed in favor of the [defendants].... In sum, a fiduciary cannot by contract relieve itself of the fiduciary obligation of full disclosure by withholding the very information the beneficiary needs in order to make a reasoned judgment whether to agree to the proposed contract.

*Blue Chip Emerald*, 299 A.D.2d at 280, 750 N.Y.S.2d at 294–95 (citations omitted). We "find [no] persuasive evidence that the New York Court of Appeals, which has not ruled on this issue, would reach a different conclusion." *Pahuta*, 170 F.3d at 134.

To be sure, New York courts have enforced releases of fiduciaries from liability in some circumstances. *See K3 Equipment Corp. v. Kintner*, 233 A.D.2d 556, 558, 649 N.Y.S.2d 535, 536 (3d Dep't 1996) (upholding the validity of a general release executed among three equal shareholders in a closely held corporation with respect to the claim that one of them had taken money out of corporate coffers without authorization, but where the plaintiff "made no showing that its execution of the release was tainted by fraud"); *Mergler v. Crystal Props. Assocs., Ltd.*, 179 A.D.2d 177, 181–82, 583 N.Y.S.2d 229, 232 (1st Dep't 1992) (declining to "extend[ ]" the doctrine of constructive fraud to agreements between attorneys and their former clients). But as noted in the foregoing

parenthetical descriptions, these decisions are plainly distinguishable from the case at bar.

We conclude that *Blue Chip Emerald* controls this litigation and is inconsistent with the district court's grant of Schloss's motion for summary judgment.

For the foregoing reasons, the judgment of the district court granting defendant's motion for summary judgment is hereby VACATED and the case is REMANDED for further proceedings consistent with this order.