17-3895-ag
*Delaware Riverkeeper Network v. New York State Department of Environmental Conservation*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of December, two thousand nineteen.

PRESENT:    JOSÉ A. CABRANES,
            JOSEPH F. BIANCO,
                    *Circuit Judges*,
            CHRISTINA REISS,
                    *District Judge.**

---

DELAWARE RIVERKEEPER NETWORK AND
DELAWARE RIVERKEEPER,

        *Petitioners*,

        v.                                                 17-3895-ag

NEW YORK STATE DEPARTMENT OF
ENVIRONMENTAL CONSERVATION; BASIL SEGGOS,
ACTING COMMISSIONER OF THE NEW YORK STATE
DEPARTMENT OF ENVIRONMENTAL CONSERVATION;
JOHN FERGUSON, CHIEF PERMIT ADMINISTRATOR OF
THE NEW YORK STATE DEPARTMENT OF
ENVIRONMENTAL CONSERVATION,

        *Respondents*,

---

  * Judge Christina Reiss, of the United States District Court for the District of Vermont, sitting by designation.

MILLENNIUM PIPELINE COMPANY, L.L.C.,

*Intervenor.*

| | |
|---|---|
| **FOR PETITIONERS:** | JORDAN B. YEAGER, Curtin & Heefner LLP, Yardley PA (Aaron Stemplewicz, Delaware Riverkeeper Network, LLC, Bristol, PA, *on the brief*). |
| **FOR RESPONDENTS:** | BRIAN D. GINSBERG, Assistant Solicitor General (Andrea Oser, Deputy Solicitor General, and Lisa M. Burianek, Deputy Chief of Environmental Protection Bureau, *on the brief*), *for* Letitia James, Attorney General, State of New York, Albany, NY. |
| **FOR INTERVENOR**: | SEAN MAROTTA, Hogan Lovells US LLP (Catherine E. Stetson and Benjamin A. Field, Hogan Lovells US LLP; Paul Korman, Michael R. Pincus, and A. Gregory Junge, Van Ness Feldman LLP, *on the brief*), Washington, DC. |

On Petition for Review from the New York State Department of Environmental Conservation.

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Intervenor's Motion to Dismiss the Petition for Review as Moot (ECF No. 193) is **GRANTED**, the Intervenor's Cross-Motion to Dismiss (ECF No. 37) is **DENIED AS MOOT**, Respondents' Amended Cross-Motion to Dismiss (ECF No. 55) is **DENIED AS MOOT**, and the Petition for Review is **DISMISSED AS MOOT**.

Petitioners, the Delaware Riverkeeper Network, a non-profit environmental protection organization, and the Delaware Riverkeeper (jointly, "Petitioners"), seek review of an alleged action of the New York State Department of Environmental Conservation ("Department") granting Intervenor Millennium Pipeline Company, LLC's ("Millennium") request for coverage pursuant to the State Pollutant Discharge Elimination System general permit in connection with the Eastern

System Upgrade Project. Specifically, Petitioners argue that the Department's issuance of coverage under the general permit should be vacated and remanded because the Department was obligated to provide individualized notice and opportunity to comment on each claim of coverage submitted by Millennium under the general permit, notwithstanding the fact that the general permit itself was subject to notice and comment. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

On April 10, 2019, Millennium, supported by the Department, moved to dismiss the petition for review as moot on the grounds that the facilities at issue already have been constructed and are in service. In their response to the motion, Petitioners agreed that there is no construction left, but argued that the case is not moot because "permanent stabilization has not occurred . . . and . . . significant restoration, grading, and revegetation activities . . . are also incomplete." Petitioner's Opp'n to Mot. to Dismiss as Moot at 1. Since then, the Department has notified the Court that it has issued "notices of termination" to Millennium, which "demonstrate that final stabilization of the project was achieved in August 2019, and that there will be no further construction-related activities that come within the [Department's] general permit's scope." Department's Rule 28(j) Letter of September 12, 2019 at 1–2. Termination was "legally completed" by signature on November 26, 2019. Millennium's Rule 28(j) Letter of December 10, 2019 at 1, 3.

"Under Article III of the Constitution, federal courts are empowered to adjudicate only actual, ongoing cases or controversies." *Deeper Life Christian Fellowship, Inc. v. Sobol*, 948 F.2d 79, 81 (2d Cir. 1991). A core element of Article III's case-or-controversy requirement is that the case remains "alive at all stages of judicial proceedings" because "[i]f events subsequent to the filing of a lawsuit resolve the controversy, the case should be dismissed as moot." *Id.* "A case is moot if our decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future." *Guedes v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 920 F.3d 1, 12 (D.C. Cir. 2019) (internal quotation marks and citations omitted).

In the circumstances presented, we conclude that the petition for review is moot because the coverage under the general permit that is being challenged is no longer required. As the Department stated, final stabilization of the project was achieved in August 2019 and termination of coverage is complete. Accordingly, a rescission of the coverage would not give Petitioners any meaningful prospective relief for their asserted injuries as a result of the "construction and operation of the [Upgrade] Project." Petitioner's Br. at 6.

Nor does the petition for review implicate the exception to the doctrine of mootness for cases that are capable of repetition, yet evading review. Petitioners failed to satisfy their burden of showing that: (1) the challenged action of granting coverage under a general permit without notice and comment is "in its duration too short to be fully litigated prior to its cessation or expiration," and (2) there is a "reasonable expectation that [Petitioners] will be subject to the same action again." *Davis v. FEC*, 554 U.S. 724, 735 (2008) (citations and internal quotation marks omitted); *accord Van*

3

*Wie v. Pataki*, 267 F.3d 109, 113 (2d Cir. 2001) (stating that "exception applies only in exceptional situations") (internal quotation marks and citation omitted). Not only is the coverage under the general permit no longer required, but also the underlying general permit, which has been in effect since 2015, will expire in January 2020. Therefore, the "expectation of repetition" in this case is nothing more than speculation.

Because we agree with Millennium and the Department that the petition for review is moot, we do not address the remaining grounds asserted for dismissal or denial of the petition.

**CONCLUSION**

For the foregoing reasons, Millennium's Motion to Dismiss the Petition for Review as Moot (ECF No. 193) is **GRANTED**, Millennium's Cross-Motion to Dismiss (ECF No. 37) is **DENIED AS MOOT**, Respondents' Amended Cross-Motion to Dismiss (ECF No. 55) is **DENIED AS MOOT**, and the Petition for Review is **DISMISSED AS MOOT**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4