NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0585n.06
No. 21-1323

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Dec 16, 2021
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| OUTDOOR ONE COMMUNICATIONS, LLC | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| CHARTER TOWNSHIP OF CANTON, | ) | COURT FOR THE EASTERN |
| MICHIGAN | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

Before: DONALD, THAPAR, and LARSEN, Circuit Judges.

LARSEN, Circuit Judge. The plaintiff in this case, a billboard company, believes that a local sign ordinance imposes unconstitutional content-based restrictions on speech. There's just one problem: the sign it wants to erect is too big, and that's why it wasn't allowed to build it. Even if the company were able to prove that most of the ordinance is unconstitutional, its sign would still be barred by size restrictions it doesn't challenge. In like cases, we have repeatedly held that the plaintiff lacks standing. *See Prime Media, Inc. v. City of Brentwood*, 485 F.3d 343, 353 (6th Cir. 2007); *Midwest Media Prop., LLC v. Symmes Township*, 503 F.3d 456, 461 (6th Cir. 2007). Therefore, we AFFIRM the judgment of the district court.

I.

Outdoor One Communications LLC (Outdoor) is a billboard company in Michigan. Outdoor's billboards carry all sorts of content, from commercial advertisements to political and religious messages. On March 13, 2020, Outdoor applied for a sign permit in Canton Township,

Michigan for the construction of a permanent digital billboard, mounted in the ground, that would cover 360 square feet and reach 30 feet high. Ten days later, Canton's Department of Building and Inspection Services denied the application under § 6A.24 of the local sign ordinance because the sign "[e]xceed[ed the] size and height allowed." The ordinance limits the height of billboards to 12 feet and their area to 160 square feet. CANTON CHARTER TOWNSHIP, MICH., CODE OF ORDINANCES § 6A.24.

Outdoor didn't appeal the denial of the permit or ask for a variance. Instead, it sued, challenging the Canton sign ordinance under the First Amendment. First, it claimed that the ordinance contained multiple content-based restrictions. It pointed to the billboard classification in § 6A.24, which created an on-premises/off-premises distinction. And it said that some signs, like political signs, were exempted from the permit requirement entirely. Second, it claimed that the ordinance was an unconstitutional prior restraint because some signs required government approval through the permit process. Finally, it claimed that the ordinance was unconstitutionally vague.

Canton moved to dismiss the complaint for failure to state a claim and lack of subject matter jurisdiction, arguing that Outdoor hadn't challenged the size restrictions and lacked an injury as to the other ordinance provisions. The district court responded by giving Outdoor a chance to amend its complaint. However, Outdoor declined to amend and instead relied on its pleadings to respond to the motion to dismiss. Outdoor also moved separately for summary judgment based on its unamended complaint and accompanying brief.

Ultimately, the district court denied the motion to dismiss, finding that Canton had improperly relied "almost exclusively on cases decided at summary judgment." But the same day, the court also denied Outdoor's summary judgment motion and gave notice under Rule 56(f) of

the Federal Rules of Civil Procedure that it would grant summary judgment to Canton on standing grounds unless Outdoor objected. Outdoor objected, but only with the cursory statement that it rested on its complaint and previous briefing. The district court initially struck the objection for being deficient but reinstated it after Outdoor filed a motion for relief. Outdoor appealed the district court's order granting summary judgment to Canton.

## II.

### A.

Outdoor brings a variety of as-applied and facial challenges to Canton's sign ordinance. But first it must show constitutional standing. Though we often give broad latitude to facial challenges under the First Amendment, a plaintiff still "must establish that he has standing to challenge each provision of an ordinance by showing that he was injured by application of those provisions." *Midwest Media*, 503 F.3d at 464 (quoting *Covenant Media of S.C., L.L.C. v. City of North Charleston*, 493 F.3d 421, 429–30 (4th Cir. 2007)).

At the summary judgment stage, Outdoor must demonstrate Article III standing by "a factual showing of perceptible harm." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 566 (1992). The plaintiff cannot rest on "mere allegations," but must "set forth" by affidavit or other evidence "specific facts" demonstrating standing. *Id.* at 561. Standing has three elements. "The plaintiff 'must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'" *Buchholz v. Meyer Njus Tanick, PA*, 946 F.3d 855, 861 (6th Cir. 2020) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016)).

Outdoor is clear about what it sees as its injury. It wants to "display[] its unique type of sign;" but it can't do so because it lacks a permit. The denial of the sign permit, with the

accompanying loss of advertising revenue, is a concrete and particularized injury that clearly meets the requirements of constitutional standing. Canton doesn't contest that Outdoor has demonstrated an injury.

But Outdoor runs into trouble with the next two standing elements. It hasn't demonstrated that its injury—the inability to erect its sign—is "fairly traceable" to the challenged provisions or that it could be redressed. Outdoor challenges § 6A.24 as a general matter, but it doesn't attack the size and height restrictions of that section, the basis for the rejection of the permit; the sign was taller than 12 feet and larger than 160 square feet. (Perhaps Outdoor doesn't challenge the size restrictions because we have rejected such challenges before. *See Prime Media, Inc. v. City of Brentwood*, 398 F.3d 814, 818–21 (6th Cir. 2005).) Instead, Outdoor claims that § 6A.24 creates an unconstitutional content-based restriction on speech. Section 6A.24 applies only to "billboards," which are defined as "ground sign[s] erected for the purpose of advertising a . . . subject not related to the premises on which the sign is located." ORDINANCES § 6A.01(7). Whether this kind of on-premises/off-premises distinction warrants strict scrutiny is an issue currently pending at the Supreme Court. *See City of Austin v. Reagan Nat'l Advert. of Tex., Inc.*, 141 S. Ct. 2849 (2021) (granting certiorari).

The problem for Outdoor is that § 6A.24's allegedly content-based distinction didn't cause its injury. The size restrictions in § 6A.24 are *more* generous than those for all other ground signs, which are limited to an area of 50 square feet and a height of 6 feet. *See* ORDINANCES §§ 6A.12– 16. So even if Outdoor's sign had not been classified as a billboard, it still would have been denied. Its sign is too big to be a billboard (subject to the premises distinction) and also too big to be any other kind of ground sign. Outdoor's injury is not "fairly traceable" to the on-premises/off-

premises distinction. Absent that allegedly unconstitutional provision, Outdoor still could not build its sign.

This conclusion isn't novel. Indeed, our decision in *Midwest Media* squarely governs this case. There, as here, a local government rejected the plaintiff's signs pursuant to its sign ordinance; and, as here, each sign was too large. 503 F.3d at 458–60. Just as in this case, the plaintiff billboard company also challenged an on-premises/off-premises distinction, but we held that the alleged First Amendment injury was not redressable. *Id.* at 461–62. We explained that even if "our court invalidated [the content-based provisions] . . . the size and height restrictions still would preclude the township from approving the[] sign applications and thus still would preclude plaintiffs from erecting each of these signs." *Id.* When unchallenged size restrictions independently bar erecting a sign, the plaintiff lacks standing to challenge other provisions of a sign ordinance. Our sister circuits agree. *See id.* at 462 (collecting cases).

Outdoor also challenges § 6A.09, which exempts some signs from the permit requirement. *See* ORDINANCES § 6A.09. Outdoor's theory is that, because of its content, its sign was treated worse than the exempted signs. But this is wrong. Even if Outdoor's sign fit into an exempted category, it would still be too large. Most of the exempted sign categories under § 6A.09 have explicit size requirements. For example, real-estate signs must not be larger than "six square feet in area, four feet in height in residential districts, and 24 square feet in area, six feet in height in office, commercial and industrial districts." ORDINANCES § 6A.09(7). So, Outdoor has the same problem challenging those exemptions as it does § 6A.24; whatever category Outdoor's sign might fall under, it would still be too big. *See Midwest Media*, 503 F.3d at 461–62.

Outdoor argues that two categories of exempted signs lack explicit size limitations: "political signs" and "holiday signs." ORDINANCES § 6A.09(10–11). But both

political and holiday signs are subject to size restrictions elsewhere in the code. Political signs must not "violate any other provision of [the] ordinance." ORDINANCES § 6A.09(11). And with respect to both holiday and political signs, § 6A.04 states that, when inconsistency in the code cannot be avoided, "the most restrictive" provision shall control. So, if a political or holiday sign were also a "ground sign," like the one Outdoor wants to erect—a sign "mounted permanently in the ground on a masonry base or monument," *see* § 6A.01(17)—then the size restrictions for ground signs would still apply. *See* ORDINANCES §§ 6A.12–16. Holiday signs also have a time-limit; they must not be displayed for "more than 60 consecutive days" or "for more than 120 days in any one year." ORDINANCES § 6A.09(10). So the reason Outdoor's sign is not exempted is that it's too permanent and too large, not that it has the wrong content. A large, permanent sign displaying a political or holiday message would face the same plight.

Consider the following: If Outdoor's proposed sign advertised on-premises content, it would be classified as a ground sign and be too large. *See* ORDINANCES §§ 6A.12–16. If Outdoor's sign had political content, it would still be a ground sign and still it would be too large. *Id.* If the sign had a holiday message, same story. And so on, no matter the content. Only if Outdoor's sign were smaller or less permanent—say a yard sign or a banner—might the content-based restrictions sprinkled throughout Canton's sign ordinance matter.

Outdoor argues that it has standing because Canton's ordinance is "corrupted by a series of interconnected constitutional infirmities." Outdoor points to cases, like *Reed v. Town of Gilbert*, 576 U.S. 155 (2015) and *Thomas v. Bright*, 937 F.3d 721 (6th Cir. 2019), where the "constitutional infirmities result[ed] from the interaction between" multiple provisions. So, it says the sign ordinance is "appropriately challenged in its totality." But Outdoor ignores that, in those cases, the content-based categories actually mattered. For example, in *Reed* the Court noted that the

church's signs were "treated differently from signs conveying other types of ideas." 576 U.S. at 164. In that case, all the interacting provisions of an ordinance could be challenged because the categorization caused an injury. Here, the categorization of Outdoor's sign didn't cause its injury; the sign was too big for any category.

B.

Next Outdoor claims that the ordinance acts as a prior restraint. And it argues that it has "immediate standing" to challenge a prior restraint under cases like *City of Lakewood v. Plain Dealer Publishing Co.*, 486 U.S. 750 (1988). In *City of Lakewood*, the Court noted that "when a licensing statute allegedly vests unbridled discretion in a government official over whether to permit or deny expressive activity, one who is subject to the law may challenge it facially without the necessity of first applying for, and being denied, a license." 486 U.S. at 755–56. But standing is not satisfied simply by pointing to *City of Lakewood*. "The requirement of an actual injury is not obviated by a prior restraint claim." *Phillips v. DeWine*, 841 F.3d 405, 416 (6th Cir. 2016) (cleaned up); *see also Brammer-Hoelter v. Twin Peaks Charter Acad.*, 602 F.3d 1175, 1183 (10th Cir. 2010) ("[W]e conclude Plaintiffs do not have standing as to this alleged prior restraint. Plaintiffs have cited to nothing in the record indicating their speech or association was altered or deterred in any way by the code . . . ."); *Deeper Life Christian Fellowship, Inc. v. Sobol*, 948 F.2d 79, 84 (2d Cir. 1991) ("Because there is no discretion . . . to grant permits to religious groups, appellant's alleged injury is not caused by a grant of unbridled discretion."). To allege an injury for a prior restraint claim, the plaintiff must show that it is "subject to [the] prior restraint." *Phillips*, 841 F.3d at 416 (quoting *Van Wagner Boston, LLC v. Davey*, 770 F.3d 33, 38 (1st Cir. 2014). That is, the plaintiff must show that there is "speech [it's] likely to engage in that would require prior approval or otherwise be impeded under these provisions." *Id.* Outdoor hasn't

alleged that its speech was altered or deterred by any prior restraint or that it was otherwise impeded by those provisions of Canton's ordinance.

If Outdoor had alleged any such injury, it would doubtless have standing to challenge Canton's ordinance. *See Prime Media*, 485 F.3d at 351 ("[T]he prospect of prior restraint and resulting self-censorship can itself constitute the required actual injury" under Article III.). But it hasn't. Outdoor didn't self-censor because of the prospect of the permitting process. It hasn't refused to "yield[] to [the ordinance's] demands." *Shuttlesworth v. City of Birmingham*, 394 U.S. 147, 151 (1969) (quotation marks omitted). In fact, Outdoor went through the permitting process and was denied because its signs were too big. Nor has Outdoor alleged that it intends to construct other signs in the future and is, therefore, self-censoring. *See Midwest Media*, 503 F.3d at 462.

C.

Outdoor adds a vagueness challenge to the ordinance, but the challenge is vague itself. Outdoor claims that the procedures "for the acceptance of a sign permit application and issuance of a sign permit, combined with its content, speaker, and activity-based regulations renders the Sign Ordinance unconstitutionally vague." Then it reiterates that it "has suffered and will continue to suffer financial and other harm because of its inability to erect and use its proposed billboard." Outdoor adds little to this in its subsequent briefing. It hasn't moved past "mere allegations," and hasn't "set forth" by affidavit or other evidence "specific facts" demonstrating its standing. *Lujan*, 504 U.S. at 561.

If the vagueness emanates from the "content, speaker, and activity-based regulations," then the vagueness hasn't caused Outdoor any harm. Even if the categories were indistinguishable from each other, Outdoor would be unable to build its sign, which is too big for *every* category.

Similarly, Outdoor isn't harmed by the vagueness in the procedures for sign permit applications. Outdoor properly submitted its application and was denied.

Outdoor also tries to frame its claim as a facial challenge. If the entire ordinance were enjoined, Outdoor would get to build its sign. So Outdoor thinks that it has standing to challenge the whole ordinance at once, even if it was injured only by the size provisions. But this is a severability argument, not a magic wand to bypass standing. For a facial challenge, a "challenger must establish that no set of circumstances exists under which the Act would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987). Outdoor hasn't claimed that the size restrictions in the ordinance are invalid under every set of circumstances, or even in its own circumstances. Indeed, it hasn't challenged many provisions of the ordinance at all. Instead, it argues that we should first "find[] that the Sign Ordinance is content-based and declar[e] it unconstitutional;" having done that, we should not "then scour the Sign Ordinance" to determine if other, constitutional, provisions would have blocked its proposed sign. Thus, the argument isn't that all the provisions are unconstitutional, but that the separate, constitutional provisions cannot stand on their own. That's severability.

The district court was right to consider severability along with standing. *See Advantage Media, LLC v. City of Eden Prairie*, 456 F.3d 793, 801 (8th Cir. 2006) ("The Supreme Court has incorporated severability analysis into standing determinations . . . ."); *Midwest Media*, 503 F.3d at 465 ("Because the size and height requirements are severable . . . the district court properly relied on those provisions in concluding that plaintiffs lacked standing to bring this lawsuit."). And it was right to conclude that the size requirements in Canton's ordinance are severable. The severability of a local ordinance turns on state law. *City of Lakewood*, 486 U.S. at 772. Michigan has "long recognized" that it "is the law of [the] State that if invalid or unconstitutional language

can be deleted from an ordinance and still leave it complete and operative then such remainder of the ordinance be permitted to stand." *In re Request for Advisory Op. Regarding Constitutionality of 2011 PA 38*, 490 Mich. 295, 345 (2011) (quotation marks omitted).  Moreover, a severability clause creates a presumption of severability.  *See Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson Cnty.*, 274 F.3d 377, 389 (6th Cir. 2001); *Alaska Airlines, Inc. v. Brock*, 480 U.S. 678, 686 (1987).  Here, Canton's ordinance has a severability provision.  ORDINANCES § 29.01.  And the size restrictions for ground signs "comfortably stand on their own," *Midwest Media*, 503 F.3d at 465, furthering the purpose in § 6A.02 of "promot[ing] the general safety and welfare of the public."  We have repeatedly held that size restrictions like those in Canton's ordinance are severable and valid content-neutral regulations.  *See, e.g., id.*; *Prime Media*, 485 F.3d at 348.

Because the size restrictions are properly considered severable, Outdoor "must show injury, causation, and redressability with respect to [the other] provision[s] it challenges." *Advantage Media*, 456 F.3d at 801.  Outdoor has failed to do so and the district court properly held that it lacks constitutional standing.

* * *

We AFFIRM the judgment of the district court.